﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/27/19

DOCKET NO. 190321-5963
DATE: August 27, 2019

ORDER

A compensable rating for bilateral hearing loss is denied.

REMANDED

The issue of entitlement to service connection for asbestos-induced pleural plaque (claimed as mesothelioma/asbestosis) is remanded for additional development.

FINDING OF FACT

The Veteran’s bilateral hearing loss disability has been manifested by, at worst, Level II hearing loss in both the left and right ears.

CONCLUSION OF LAW

The criteria for a compensable rating for bilateral hearing loss are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§§ 4.1, 4.3, 4.7, 4.10, 4.85, 4.86, Diagnostic Code 6100. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1961 to October 1964. He filed the claims currently on appeal in April 2016 and November 2017. In November 2016 and January 2018 rating decisions, the AOJ denied the claims.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the supplemental claim lane when he submitted his RAMP election form on November 27, 2018. Accordingly, the March 2019 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form and evidence received within 30 days after. The Veteran timely appealed this RAMP rating decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

In adjudicating the claim of entitlement to service connection for asbestosis, the Board may consider evidence associated with the record between the April 5, 2016 date of claim and 30 days after the November 27, 2018 RAMP election form was received. In adjudicating the claim of entitlement to a compensable rating for bilateral hearing loss, the Board may consider evidence associated with the record between the November 7, 2017 date of claim and 30 days after the November 27, 2018 RAMP election form was received. 

In his January 2018 Notice of Disagreement, the Veteran requested another VA examination for his bilateral hearing loss as he believes his hearing loss was due to his duties in service. However, service connection for bilateral hearing loss has already been established. The Veteran has not alleged worsening of the severity of his hearing loss since his last VA audiological examination. Accordingly, a new VA audiological examination is not warranted. See 38 C.F.R. § 3.327; Palczewski v. Nicholson, 21 Vet. App. 174, 181-82 (2007); Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994).

Entitlement to a compensable rating for bilateral hearing loss.

Disability ratings are determined by applying the rating criteria set forth in VA’s Schedule for Rating Disabilities (Rating Schedule) and represent the average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life including employment. 38 C.F.R. § 4.10.

In determining the severity of a disability, the Board is required to consider the potential application of various other provisions of the regulations governing VA compensation as well as the whole recorded history of the Veteran’s disability. 38 C.F.R. §§ 4.1, 4.2; see generally Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability more closely approximates the criteria for that rating. 38 C.F.R. § 4.7. Otherwise, the lower rating is assigned. Id. Additionally, while it is not expected that all cases will show all the findings specified, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21. The Board has considered whether separate ratings for different periods of time are warranted based on the facts, which is a practice of assigning ratings that is referred to as “staging the ratings.” See Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

Evaluations of defective hearing range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of a controlled speech discrimination test (Maryland CNC) together with the average hearing threshold level measured by pure tone audiometry tests in the frequencies of 1000, 2000, 3000, and 4000 cycles per second (Hertz). To evaluate the degree of disability from service-connected defective hearing, the rating schedule establishes eleven auditory hearing acuity levels designated from Level I, for essentially normal hearing acuity, through Level XI, for profound deafness. 38 C.F.R. §§ 4.85, Tables VI, VIa, and VII, Diagnostic Code 6100. Disability ratings for hearing loss are derived from a mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenmann v. Principi, 3 Vet. App. 345 (1992). Hearing tests will be conducted without hearing aids, and the results of above-described testing are charted on Table VI and Table VII. See 38 C.F.R. § 4.85. 

Additionally, under 38 C.F.R. § 4.85(c), Table VIA will be used when the examiner certifies that use of speech discrimination is not appropriate because of language difficulties, inconsistent speech discrimination scores, etc., or when indicated under the provisions of § 4.86. Here, however, the Veteran’s hearing loss does not qualify as “exceptional,” for purposes of the application of Table VIA, and thus neither 38 C.F.R. § 4.85(c), Table VIA, nor 38 C.F.R. § 4.86 will be further discussed.

The Veteran is seeking a compensable rating for bilateral hearing loss. During the course of the appeal, the Veteran has reported that his hearing loss affects his ability hear people at a distance and he has to face the speaker. 

The only audiometric data relevant to the current appeal was obtained in association with a VA audiological examination conducted in December 2017. Pure tone thresholds, in decibels, were as follows:

 HERTZ 

 1000 2000 3000 4000 Average

RIGHT 45 55 65 70 59

LEFT 45 60 70 75 63

Maryland CNC speech recognition scores were 96 percent in the right ear and 94 percent in the left ear. Applying the results from that examination to Table VI in 38 C.F.R. § 4.85 yields a finding of Level II hearing loss in the right ear and Level II hearing loss in the left ear. When hearing loss is at Level II in the better ear and Level II in the poorer ear, a noncompensable rating is assigned under Table VII.

Although the Board sympathizes with the Veteran’s statements regarding the functional impact of his hearing loss on his daily life, the assignment of disability ratings for hearing impairment is derived from a mechanical formula based on levels of pure tone threshold average and speech discrimination. Thus, the medical evidence of record is more probative than lay contentions as to the extent of the Veteran’s hearing loss. 

The Board finds the December 2017 VA examination highly probative, and notes that it was conducted in accordance with 38 C.F.R. § 4.85(a). These examination results are consistent with a noncompensable rating. Moreover, the VA examiner reported the effects of the Veteran’s hearing loss on his daily activities and occupational functioning, which was decreased hearing acuity. Martinak v. Nicholson, 21 Vet. App. 447, 455-56 (2007); cf. Doucette v. Shulkin, 28 Vet. App. 366 (2017) (the ability to hear or understand speech or to hear other sounds in various contexts is contemplated by the schedular rating criteria). 

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990).

REASONS FOR REMAND

Entitlement to service connection for asbestos-induced pleural plaque (claimed as mesothelioma/asbestosis) is remanded.

The Veteran contends that he has asbestosis caused by his duties as a mechanic during service. He reports that he was exposed to asbestos when working in the motor pool and repairing vehicles, including replacing brakes and clutches. He stated that the barracks he stayed in during service, both in the United States and Germany, were built using asbestos. The Veteran also contends that he was exposed to trichloroethylene and used it to clean car parts and his hands when he worked in the motor pool. 

After reviewing the evidence of record, the Board finds that the issue of entitlement to service connection for asbestos-induced pleural plaque must be remanded to correct duty to assist errors that occurred prior to receipt of the Veteran’s RAMP election form. The Veteran was afforded a VA respiratory conditions examination in November 2016. The examiner diagnosed the Veteran with asbestos-induced pleural plaque. She opined that the Veteran’s asbestosis was less likely than not incurred in or caused by service. She reasoned that there was no documentation that in-service asbestos exposure was conceded and that there was no documentation of respiratory issues in the service treatment records. The Board points out that the examiner's rationale violated the rule espoused in Dalton v. Nicholson, 21 Vet. App. 23, 40 (2007) that a “medical examiner cannot rely on the absence of medical records corroborating that injury to conclude that there is no relationship between the appellant's current disability and his military service.” The VA examiner also referenced the Veteran’s post-service occupation as a shop supervisor of vehicle repairs at United States Sugar for 23 years. However, she did not explain how this occupation would result in exposure to asbestos and not the performance of similar duties in service, or why any post-service exposure was considered to be more significant than any in-service exposure. As such, the Board finds that the AOJ committed a duty to assist error by issuing a decision that relied on an inadequate VA medical opinion.

The matter is REMANDED for the following actions:

Forward the Veteran’s VA claims file, including a copy of this remand, to a VA pulmonologist or another suitably qualified VA medical professional, for an opinion as to the nature and etiology of the Veteran’s asbestos-induced pleural plaque. If, after review of the claims file, the examiner determines that another VA examination is necessary, such must be scheduled, and the Veteran must be notified. The examiner should address the following:

(a.) Is it at least as likely as not (50 percent probability or greater) that this disability arose during service or is otherwise related to any incident of service? Please explain why or why not. In providing this opinion, please comment on the significance, if any, on the Veteran’s in-service duties as a vehicle mechanic, exposure to barracks made with asbestos, and exposure to trichloroethylene. The Board also requests that the examiner address the Veteran’s contentions that his post-service occupation was in an office atmosphere without the use of asbestos (as corroborated by a December 2017 employer letter) and the medical literature noting a latency period of up to 40 years for asbestos-related diseases. 

(b.) Please note that a medical opinion which concludes that a disease is not related to service solely because there is absence of medical records is inadequate. 

(c.) A rationale for any opinions expressed should be set forth. If the examiner cannot provide an above opinion without resorting to speculation, he/she should explain why an opinion cannot be provided (e.g. lack of sufficient information/evidence, the limits of medical knowledge, etc.). 

 

 

S. C. KREMBS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Bilstein, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.